UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES M. CUYLER,

    Plaintiff,

v.                                          Case No. 8:22-cv-263-WFJ-AEP
                                                (U.S.C.A. No. 23-10707)

SECRETARY, DEPARTMENT OF
VETERANS AFFAIRS,
BAY PINES VA HEALTH CARE SYSTEMS,
PAUL RUSSO, Director,
ELAMIN M. ELAMIN, Chief of Staff,
VIVIAN FASULA, Chief of Surgery, *et al.*,

    Defendants.
_____/

## **ORDER ON LIMITED REMAND**

The Eleventh Circuit remanded this case, Appeals No. 23-10717, for two limited purposes. This Court addresses each in turn.

**I. Determine whether Plaintiff's January 26 "motion to stay the appeal" should be construed as a Fed. R. App. P. 4(a)(5) motion and, if so, whether he has shown good cause or excusable neglect.**

Mr. Cuyler's January motion (Dkt. 30) "to stay the appeal" is not a Fed. R. Civ. P., Rule 4(a)(5) motion to extend the time for filing a notice of appeal of the November 9, 2022 order (Dkt. 21). The motion by its text does not mention any appeal from the November 9, 2022 order. Dkt. 30 at 1. The motion does not say what orders are contemplated for an appeal, and there are several.

If the "motion to stay appeal" at docket 30 is to be construed as a Rule 4(a)(5) motion to extend the time for filing an appeal, it would be denied because it

is lacking good cause or excusable neglect.  Rather, it urges a delay to enable the Florida Attorney General to accept Mr. Cuyler's request to indict the undersigned, as well as to permit a judicial misconduct complaint to be determined, as well as seeking another ruling on an earlier-denied motion to recuse (*see* Dkt. 28).  No reason asserted has merit or good cause.[1]  The absence of good cause is amplified by Mr. Cuyler's pleadings.  *See* Dkt. 30 at 2 (both magistrate and district judges' crimes include treason).

**II. Address the January 9 and February 8 tolling motions.**

On January 9, Mr. Cuyler filed an objection (Dkt. 29) to this Court's January 3 order denying his motion to disqualify the undersigned district judge (Dkt. 28).  Construing the objection as a motion for reconsideration, the Court denies the motion.

Contrary to Plaintiff's assertions, 28 U.S.C. § 455(a) does not require recusal in all cases.  Plaintiff cites the undersigned's partiality as evidenced through a personal bias or prejudice concerning a party.  Specifically, Plaintiff complains that rulings were made on some of his motions without waiting on responses from Defendants and therefore this Court became an advocate for Defendants.  Such

---

[1] The appeal that is the subject of the motion is also meritless.  Mr. Cuyler was afforded two opportunities to reassert an amended complaint, declining to do so on both occasions.  *See* Dkt. 28.  He may have been under the misapprehension that an amended complaint would require another filing fee.  Dkt. 29 at 5 ("It could be considered extortion . . .").

2

underlying facts are deemed insufficient. Rulings in one or the other party's favor are judicial in nature and, unless shown to be otherwise, do not reveal a bias that stems from extrajudicial sources. *See Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002) (noting that bias sufficient to disqualify must stem from extrajudicial sources); *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing § 455(a) standard as objective, requiring that bias be shown as personal, not judicial in nature). Plaintiff did not meet the objective standard for recusal.

On February 8, Mr. Cuyler filed an objection (Dkt. 32) to this Court's order denying his motion to stay appeal (Dkt. 31). Construing the objection as a motion to reconsider the prior denial at docket 31, the Court overrules the February 8 objection as discussed above.

Accordingly, the January 26 motion stay appeal (Dkt. 30) is denied as stated above. The January 9 objection (Dkt. 29), construed as a motion to reconsider the denial of the motion to disqualify, is denied. The February 8 objection (Dkt. 32), construed as a motion seeking reconsideration of the denial of his January 26 motion, is denied. The Clerk of this Court is directed to return the record as hereby supplemented to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** at Tampa, Florida, on October 30, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE